# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2319

_____

Jon Marc Taylor,                          *
                                          *
            Appellant,                    *
                                          *
      v.                                  *   Appeal from the United States
                                          *   District Court for the Western
Lynda Taylor, Superintendent,             *   District of Missouri.
Crossroads Correctional Center;           *
Jeremiah (Jay) Nixon, Attorney            *        [UNPUBLISHED]
General, State of Missouri,               *
                                          *
            Appellees.                    *

_____

Submitted:  March 16, 2001

Filed:  March 21, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

_____

PER CURIAM.

      In 1980, Jon Marc Taylor was convicted of rape and other charges in Indiana,
and sentenced to consecutive terms of imprisonment.  In 1981, Taylor was convicted
of rape and related charges in Missouri.  The Missouri court ordered Taylor's Missouri
sentence "terms to run consecutively not concurrently with any prison term previously
imposed on [Taylor] in the State of Indiana."  In 1982, the Indiana Supreme Court

reversed Taylor's Indiana sentence because consecutive sentences on the Indiana convictions were improper under state law, and Taylor was resentenced to concurrent terms of imprisonment on the Indiana convictions. In 1983, the Missouri Court of Appeals affirmed Taylor's Missouri conviction. <u>See</u> <u>State v. Taylor</u>, 655 S.W.2d 633 (Mo. Ct. App. 1983). When his Indiana sentence was reduced to time served in 1993, Taylor returned to Missouri to serve his Missouri sentence and filed his Missouri postconviction motions, which were denied. Taylor then filed a petition for writ of habeas corpus in federal district court arguing, among other things, that he should receive credit towards his Missouri sentence for time served in Indiana after his "previously imposed" Indiana sentence was vacated in 1982, and the admission of identification testimony by two witnesses at trial violated due process because the identifications were tainted by highly suggestive pretrial identification procedures. The district court denied relief, but granted a certificate of appealability on both issues. Taylor appeals. Having carefully reviewed the record, we affirm for the reasons stated by the district court.[*] <u>See</u> 8th Cir. R. 47B. We also grant Taylor's motion to supplement the record with his 1983 resentencing order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.